## CITY OF CHARLESTOWN *vs.* AMOS STONE.

The *St.* of 1855, *c.* 11, § 1, which requires that "whenever the city of Charlestown shall pave any public street in said city in the manner required by law, or shall cover the same with good gravel," each owner of land "adjoining any such street" shall cause the sidewalk in front of his house to be paved with brick or flagstone, within twenty days after being required by any of the surveyors of highways, does not oblige the abutters to pave the sidewalk until the city has paved or gravelled the whole street, or section of a street, ordered by the mayor and aldermen to be so prepared and improved.

MERRICK, J.   By the statutes regulating sidewalks in the city of Charlestown, abutters upon public streets are required, whenever the city shall pave any public street, or cover it with good gravel as a substitute for pavement, without delay to cause the sidewalk in front of their land to be paved with brick or flat stones, and supported by hammered edgestones; and upon their failure or neglect to do so for the space of twenty days after they have been thereto duly required, the surveyors of highways are authorized and enjoined to do it at their expense, and to recover the amount thereof from them in an action in the name of the city.   *St.* 1855, *c.* 11, § 1.   On the 6th of May 1856, it was ordered by the mayor and aldermen of the city, "that the joint standing committee on repairs of streets be authorized and directed to cause edgestones to be set and the gutters and sidewalks to be paved in Bunker Hill Street from Main to Chelsea Streets, the expense of the same to be charged to the appropriation for paving streets and gutters and setting edgestones."   If this order were to be construed literally, the expense of paving the sidewalks would be chargeable to the city; but interpreting its language in view of the law upon the subject, and of the evident intent of the board in adopting it, it may fairly be held to be an authority to the committee to do all things necessary to impose upon abutters the performance of the duty required of them by the provisions of the statute.

The question then arises, whether, upon the evidence produced by the plaintiffs at the trial, it appears that the contingency had occurred upon which it became the duty of the defendant to pave the sidewalk in front of his land, and whether he had so

City of Charlestown *v.* Stone.

neglected to do that work as to authorize the surveyors of highways to do it at his expense.

This obligation of abutters arises only upon the condition that the street and gutters shall be first paved by the city. The order above cited provides for the pavement of all that section of Bunker Hill Street which lies between Main and Chelsea Streets. It appears from the testimony of Dalrymple, who was one of the committee charged with the superintendence of that work, that the whole of this section was not entirely graded and paved until some time in the spring of 1857. Until this was done, the condition precedent had not been complied with on the part of the city. The claim of the plaintiffs, that the paving of the streets and gutters by the city, and of the sidewalks by the abutters, were to proceed simultaneously, cannot be sustained. The statute is express, that when the street is paved, then the abutters shall without delay make the required improvement upon the sidewalk. The city may in the first place determine, as was done in this instance, what part or section of any particular street shall, with the gutters in it, be paved; but all that is so ordered must be done before the corresponding duty of the abutters in respect to the sidewalk arises. A street, or section of a street, cannot properly be said to be paved according to an order to that effect, until the whole of the part or section so to be prepared and improved is put into that condition.

The evidence shows that, before that section of Bunker Hill Street lying between Main and Chelsea Streets was entirely paved in conformity to the order of the board of aldermen, the defendant was required, by the service of orders upon him by the surveyors of highways, and afterwards by the verbal directions of one of the members of the committee, to pave the sidewalk in front of his land. These orders and directions were premature; and consequently the omission and refusal of the defendant, for the space of twenty days thereafterwards, to comply with that requirement, did not give to the surveyors of highways any right to do the work at his expense. It is obvious therefore that the ruling of the court, that this action could not be maintained,

was correct, and the exceptions of the plaintiff thereto must be overruled.

*J. Q. A. Griffin,* for the plaintiff.

*B. F. Butler & W. P. Webster,* for the defendant.